UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-125-GNS

JUDY A. PRYOR                                                                                 Plaintiff,

vs.            PLAINTIFF'S AMENDED VERIFIED COMPLAINT

DANIEL D. ANDERSON, MD, ORTHOPAEDIC            Defendants.
ASSOCIATES, INC., METHODIST HEALTH, INC.,
d/b/a DEACONESS HENDERSON, and ZIMMER
US, INC. d/b/a ZIMMER BIOMET

      Comes now Plaintiff Judy A. Pryor (hereinafter "Judy"), by counsel Robert R. Faulkner and for her complaint against Defendants would state as follows:

      1.      Defendant Orthopaedic Asssociates, Inc. (hereinafter "Orthopaedic Associates") is an Indiana corporation with principal office at 515 Read St. Evansville, IN 47710.

      2.      Plaintiff is a resident of Webster County, Commonwealth of Kentucky.

      3.      At all times material herein, Defendant Orthopaedic Asssociates owned and operated a clinic at 340 Starlite Drive, Henderson Kentucky in Henderson County, Kentucky.

      4.      Defendant Methodist Health, Inc. d/b/a Deaconess Henderson is a Kentucky Corporation which, to the information and belief of Plaintiff owns and operates a hospital in Henderson County, Kentucky formerly known as Methodist Hospital.

      5.      The records of the Kentucky Secretary of State lists Defendant Methodist Health, Inc. d/b/a Deaconess Henderson registered agent as Linda E. White, 1305 N. Elm St., P.O. Box 48, Henderson Kentucky, 42420.

      6.      Defendant Zimmer US, Inc. d/b/a Zimmer Biomet is a Delaware Corporation authorized to do business in Kentucky.

7. The records of the Kentucky Secretary of State lists Defendant Zimmer US, Inc. d/b/a Zimmer Biomet's registered agent is, Corporation Service Corporation, 421 West Main St., Frankfort, KY 40601.

8. At all times material herein, Daniel Anderson, M.D. (hereinafter "Dr. Anderson") was a physician practicing at Defendant Orthopaedic Asssociates' Henderson Kentucky clinic and, to the information and belief of Plaintiffs was an employee of Orthopaedic Asssociates at all times material herein.

9. His Kentucky licensure records show that Dr. Anderson practiced in Taylor County Kentucky at some point. It appears that he became affiliated with Mercy Hospital of Folsom California after leaving the employ of Orthopaedic Associates. Dr. Anderson appears to currently be affiliated with Sidney Health Care Clinic at 216 14th Avenue Southwest Sidney, Montana 59270. The records of the Montana Board of Medical Examiners list Dr. Anderson's address as Henderson, Kentucky.

10. Plaintiffs have satisfied all presentment/claim requirements under the laws of the Commonwealth of Kentucky and venue is appropriate in the Henderson County Circuit Court.

11. According to the records of the Indiana Secretary of State, Defendant Orthopaedic Asssociates' address for service of process is c/o Jerry Blanton, 515 Read St. Evansville, IN 47710.

12. The records of the Indiana State Medical Licensure Board list Dr. Anderson's address as Henderson, Kentucky.

13. According to the records of the Kentucky Board of Medical Licensure, as of August 30, 2023, Dr. Anderson had a current medical license in the Commonwealth of Kentucky.

14. At all times material herein the defendants, Dr. Anderson, Orthopaedic Associates and its employees, officers and agents, and each of them, owed a duty to Judy Pryor to possess and use that degree of learning, skill and diligence ordinarily possessed and used by physicians providing medical care and services under like or similar circumstances.

15. On or about March 2, 2022, Dr. Anderson negligently performed a total knee arthroplasty on Judy's left knee. Dr. Anderson charted that there were no complications. This surgical procedure was performed at Defendant Methodist Health, Inc. d/b/a Deaconess Hospital – Henderson.

16. Due to Dr. Anderson's negligence and that of the other Defendants, Judy suffered additional swelling, severe pain and suffering and mobility issues far greater than is normal for a total knee arthroplasty.

17. Postoperatively, Judy complied with all exercise/physical therapy directions as best she could given the inordinate amount of pain and swelling caused by Dr. Anderson's negligence.

18. On or about April 11, 2022, due to postoperative stiffness, Dr. Anderson performed a "Manipulation under anesthesia left total knee". This procedure was performed at Orthopaedic Associates' Henderson location. This procedure did not help and, if anything, made matters worse.

19. On or about September 8, 2022 Dr. Anderson performed a Left total knee arthroscopy which provided some short term relief but after a short period of time Judy still

experienced a great deal of pain and swelling. It is probable that he was negligent in performing this procedure. This procedure took place at Deaconess Hospital – Henderson.

20. Judy continued to be under the care of Dr. Anderson, her last encounter with him being on or about October 21, 2022.

21. In October of 2022 the Pryors were informed that Dr. Anderson had left the employ of Orthopaedic Associates so Judy started treating with James B. Gish, NP.

22. Judy continued to experience swelling and extreme pain and suffering.

23. Judy saw Nurse Practitioner Gish on or about December 2, 2022. Nurse Practitioner. Gish through imaging studies determined that that Judy had "Medial tibial plate showing signs of loosening. There is also a lucency/fracture line where the proximal posterior medial tibia meets the cement." It was also discovered that the hardware installed by Dr. Anderson had an "oversized tibial component". It was at this time that Pryors discovered that Dr. Anderson's treatment of Judy had been performed negligently.

24. After her treatment under the care of Dr. Anderson ended in late October of 2022, Judy also saw Anthony Czaplicki, MD (hereinafter "Dr. Czaplicki").

25. On or about March 15, 2023, Dr. Czaplicki performed a "Revision left total knee arthroplasty" to attempt to remedy the damage caused by Dr. Anderson's negligence.

26. Dr. Czaplicki's attempt to remedy the damage caused by Dr. Anderson's negligence was largely unsuccessful and, to date, Judy still continues to suffer from extreme physical and mental anguish, pain and suffering.

27. At all times material herein, the care Dr. Anderson provided to Judy was below the appropriate standard of care in that Dr. Anderson failed to use that decree of care,

skill and diligence appropriate under the circumstances in the diagnosis, care and treatment of Judy Pryor which constituted a substantial factor in causing Judy harm.

28. The harm suffered by Judy as a proximate result of the negligent treatment provided by Dr. Anderson and the other Defendants includes physical and emotional anguish and suffering, diminution in quality of life and permanent physical and emotional impairment.

29. Defendant Daniel Anderson M.D.'s answer to Interrogatory No. 7 of Plaintiff's first interrogatories served upon Plaintiff's counsel on or about March 18, 2024 states in relevant part:

> "Subject to and without waiving this objection, to the extent Judy A. Pryor has suffered any difficulties or complications because of the size of the components used in her total knee arthroplasty, Daniel D. Anderson, M.D., requested a size three component from the Zimmer representative present during surgery, and that representative informed Dr. Anderson that Zimmer did not have a size three component.."

30. This allegation of Defendant Daniel Anderson M.D.'s answer to Interrogatory No. 7 of Plaintiff's first interrogatories, if true, demonstrates that, to the information and belief of Plaintiff that, at all times material herein, the appropriate standard of care dictated that Zimmer and/or Deaconess and/or Orthopaedic Associates had a duty to keep in inventory all sizes and types of orthopedic hardware that may potentially be necessary in performing a total knee arthroplasty.

31. The allegations of Defendant Daniel Anderson M.D.'s answer to Interrogatory No. 7 of Plaintiff's first interrogatories, if true, substantiate that Zimmer and/or Deaconess and/or Orthopaedic Associates breached their duty to have appropriate sizes and types of orthopedic hardware in inventory.

32. The allegations of Defendant Daniel Anderson M.D.'s answer to Interrogatory No. 7 of Plaintiff's first interrogatories, if true, establish that to the information and belief of Plaintiff, the appropriate standard of care imposed upon Defendant Daniel Anderson M.D. a duty to Plaintiff to ensure that all sizes and types of orthopedic hardware that may potentially be necessary in performing a total knee arthroplasty were available prior to commencing the procedure. Dr. Anderson breached this duty by commencing the procedure without making this inquiry.

33. Defendant Orthopaedic Associates is also liable to Pryors under the doctrine of respondeat superior and due to the negligence of Orthopaedic Associates hiring and retention of Dr. Anderson who Orthopaedic Associates knew, or in the exercise of reasonable diligence should have known that his skill level was below that required for a competent orthopedic surgeon.

WHEREFORE, Plaintiff prays the Court for judgment against the Defendants for an amount that will fairly and fully compensate Plaintiff for all losses, injuries and damages, for the costs of this action and for all other relief just and proper in the premises.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES HEREIN.

I Judy A. Pryor swear or affirm under penalties for perjury that the foregoing is true to the best of my information and belief.

*Judy A. Pryor*
Judy A. Pryor

*[signature: Robert Faulkner]*

Robert R. Faulkner
1809 Allens Lane.
P.O. Box 4208
Evansville, IN 47724
Telephone: (812) 464-3966
Facsimile: (821) 464-3968

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF e-filing system which will provide electronic notice to:

Daniel G. Brown, Esq., and Courtney E. Justice, Esq., Gazak Brown, P.S.C., 3220 Office Pointe Place, Suite 200, Louisville, KY 40220, dbrown@gazakbrown.com, cjustice@gazakbrown.com, pleadings@gazakbrown.com, sjacobsvaldes@gazakbrown.com, *Attorneys for Orthopaedic Associates, Inc.*

James R. Coltharp, Jr., Whitlow, Roberts, Houston & Straub, PLLC, P.O. Box 995, Paducah, Kentucky 42002-0995, jcoltharp@whitlow-law.com, jdeweese@whitlow-law.com, *Counsel for Daniel D. Anderson, M.D.*

/s/ Robert R. Faulkner
Robert R. Faulkner, Attorney
For Plaintiffs