UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00125-GNS

JUDY A. PRYOR                                                                                               PLAINTIFF

v.

DANIEL D. ANDERSON et al.                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Motion to Dismiss (DN 41) filed by Defendant Methodist Health, Inc. ("Deaconess"), and the Motion to Strike and Dismiss (DN 43) filed by Defendant Zimmer US, Inc. ("Zimmer"). The motions are ripe for adjudication.

### I.     BACKGROUND

Plaintiff Judy A. Pryor ("Pryor") alleges that Dr. Daniel Anderson ("Dr. Anderson") negligently performed knee surgery by installing an improperly sized component. (Compl. ¶¶ 11, 19, DN 1-1). At the time of the surgery, Dr. Anderson was employed by Orthopaedic Associates. (Compl. ¶ 4). Pryor subsequently amended her Complaint to join new Defendants Deaconess and Zimmer. (Am. Compl. ¶¶ 4-6, DN 27). Pryor's surgery was performed at the Deaconess hospital facility, and Zimmer provided the component installed during the surgery. (Am. Compl. ¶¶ 15, 29). Pryor alleges that Deaconess and Zimmer failed to maintain sufficient inventory of component sizes, contributing to her injury. (Am. Compl. ¶¶ 30-33).

Deaconess moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (4). (Def.'s Mot. Dismiss 1, DN 41 [hereinafter Deaconess's Mot.]). Zimmer moves to strike the Amended Complaint pursuant to Fed. R. Civ. P. 54(b), or, in the alternative, to dismiss the

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (Def.'s Mot. Dismiss, DN 43 [hereinafter Zimmer's Mot.]).

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

As a preliminary matter, Deaconess's motion is made pursuant to Fed. R. Civ. P. 12(b)(2) and (4), but it does not discuss lack of personal jurisdiction or any insufficiency of process in arguing that the statute of limitations defense applies. (Deaconess's Mot. 1; Def.'s Mem. Supp. Mot. Dismiss 3-7, DN 41-1 [hereinafter Deaconess's Mem.]). Similarly, while Zimmer's motion is made pursuant to Fed. R. Civ. P. 12(b)(1) and 54(b), it raises numerous arguments relating to the statute of limitations defense. (Zimmer's Mot. 1; Def.'s Mem. Supp. Mot. Dismiss 8-14, DN 43-3 [hereinafter Zimmer's Mem.]. In her response, Pryor addresses both motions under the Fed. R. Civ. P. 12(b)(6) standard. (Pl.'s Resp. Def.'s Mot. Dismiss 1-2, 7-11, DN 52; Pl.'s Resp. Def.'s Mot. Dismiss 1-9 DN 53 [hereinafter Pryor's Resp. Deaconess's Mot.]). Accordingly, the Court will apply the Fed. R. Civ. P. 12(b)(6) standard in considering both motions. *See Downs v. Shinsek*, No. 3:10-CV-00661, 2012 U.S. Dist. LEXIS 38184, at *15 (M.D. Tenn. Mar. 21, 2012) (citing *McKnight v. Gates*, 282 F. App'x 394, 397 n.2 (6th Cir. 2008)).

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* When considering a motion to dismiss, a court must "accept all the Plaintiff's factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted)

### A.     **Statute of Limitations**

Both Deaconess and Zimmer move to dismiss the Amended Complaint because the claims asserted against them are barred by the statute of limitations. (Deaconess's Mem. 1-2; Zimmer's Mem. 8-9). In diversity cases, a federal court should apply the state's statute of limitations. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745 (1980). Under Kentucky law, an "action against a physician, surgeon, dentist, or hospital . . . for negligence or malpractice" or "for an injury to the person of the plaintiff," must be brought within one year after the cause of action accrued. KRS 413.140(1). "A court may grant judgment on the pleadings on a statute of limitations defense only where it is apparent from the face of the complaint that the action was not brought within the statutory period." *Hughes v. Donini*, No. 1:13-CV-569, 2014 U.S. Dist. LEXIS 161056, at *4 (S.D. Ohio Oct. 24, 2014) (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

In the context of medical malpractice, Kentucky follows the "discovery rule." The discovery rule is "a means by which to identify the 'accrual' of a cause of action when an injury is not readily ascertainable or discoverable." *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). As the Kentucky Supreme Court has explained:

> [W]hile [a patient] may have suspected that something went wrong during the surgery, that in and of itself was insufficient to accrue a cause of action. One who possesses no medical knowledge should not be held responsible for discovering an injury based on the wrongful act of a physician. The nature of the tort and the

3

> character of the injury usually require reliance on what the patient is told by the physician or surgeon.

*Id.* at 712-13. As a patient will not have "discovered" the injury until after the surgery, the cause of action does not accrue upon date of the surgery but upon date of discovery. *See id.* (tolling the statute of limitations because the cause of action did not accrue until 1996 when a subsequent surgery removed a piece of medical equipment left by the first surgeon in 1989).

Pryor alleges Dr. Anderson operated on her on March 2, 2022. (Am. Compl. ¶ 15). From April 11, 2022, to today, Pryor experienced post-operative complications, from stiffness to pain and swelling. (Am. Compl. ¶¶ 16-22). Pryor underwent two more procedures to address post-operative complications in April and September 2022. (Am. Compl. ¶¶ 18-19). On December 2, 2022, Pryor was told by a treating medical professional that the component installed in her knee was "oversized," and she underwent a second knee surgery on March 15, 2023, by a different surgeon to address her continued complaints. (Am. Compl. ¶¶ 23, 25). Thus, based on the allegations in the Amended Complaint, Pryor did not discover her injury until December 2, 2022; before that date, she was not aware that she had "a viable claim for medical malpractice." *Wiseman*, 37 S.W.3d at 713. Accordingly, Pryor had to assert this cause of action within one year—by December 2, 2023.

Pryor avers that she could not have discovered Deaconess's culpability within the statutory period without "extra-judicially hir[ing] thugs to hack into [Deaconess's] computerized records" or possessing "clairvoyant" abilities. (Pryor's Resp. Deaconess's Mot. 6). Because Pryor diligently investigated her claim, she contends that for purposes of the discovery rule, she "discovered" her injury by Deaconess and Zimmer on March 18, 2024, when Dr. Anderson responded to her interrogatories. (Pryor's Resp. Deaconess's Mot. 7). Pryor misunderstands the discovery rule.

"[T]he discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or misrepresentation by the defendant of his role in causing the plaintiff's injuries." *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. App. 1999) (citing *Resthaven Mem'l Cemetery, Inc. v. Volk*, 150 S.W.2d 908, 912 (Ky. 1941)). There is no assertion that Deaconess or Zimmer fraudulently concealed or misrepresented their roles. (*See* Pryor's Resp. Deaconess's Mot. 4-5). The discovery rule tolls the statute where a plaintiff has not yet discovered their *injury*, not where the plaintiff has not yet discovered the identify of any tortfeasor. Absent fraud or misrepresentation, the discovery rule does not apply to late-discovered tortfeasors. *See McLain*, 16 S.W.3d at 326.

Pryor filed her initial Complaint against Dr. Anderson and Orthopaedic Associates, Inc. on September 28, 2023. On April 30, 2024, Pryor moved the Court for leave to amend her Complaint to join additional defendants. (Pl.'s Mot. Amend, DN 24). The Court granted the motion on May 28, 2024, and Pryor filed the Amended Complaint on July 3, 2024, past December 2023 when the limitations period expired. Thus, Pryor has untimely asserted claims against Deaconess and Zimmer in the Amended Complaint.

**B.       Relation Back Doctrine – Fed. R. Civ. P. 15**

In addition, both Deaconess and Zimmer contend that the Amended Complaint does not relate back to the original Complaint under Fed. R. Civ. P. 15(c)(1). (Deaconess's Mem. 4-7; Zimmer's Mem. 9-14). Because the initial Complaint was filed within the statute of limitations, Fed. R. Civ. P. 15(c) permits an amendment to relate back to the initial complaint under certain circumstances. *See Coy v. Louisville Jefferson Metro Gov't*, No. 3:06-CV-587-S, 2007 U.S. Dist. LEXIS 82731, at *6-7 (W.D. Ky. Nov. 7, 2007).

To amend a pleading to change or add a party beyond the statute of limitations, an amended complaint must meet four requirements:

> (1) satisfy Rule 15(c)(1)(B)'s requirement that the amendment "arose out of the conduct, transaction, or occurrence," set out in the original complaint, (2) be within the period provided by Rule 4(m) for serving the summons and complaint, (3) the newly named Defendant []must have "received such notice of the action that [it] will not be prejudiced in defending on the merits," and (4) the newly named Defendant [] must have "knew or should have known that the action would have been brought against [it], but for a mistake concerning the proper party's identity."

*Patton v. Louisville Jefferson Cnty. Metro. Gov't*, No. 3:18-CV-00346-RGJ, 2021 U.S. Dist. LEXIS 35777, at *12 (W.D. Ky. Feb. 25, 2021). "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement . . . ." *Graham v. Todd Cnty.*, No. 1:20-CV-00210-GNS-HBB, 2022 U.S. Dist. LEXIS 45574, at *12-13 (W.D. Ky. Mar. 15, 2022) (citing *Coy*, 2007 U.S. Dist. LEXIS 82731, at *6-7). The distinction between knowledge and identity is critical: Fed. R. Civ. P. 15 does not allow "a complaint to relate back where there is a lack of knowledge of the proper party" but "where there has been an error made concerning the identity of the proper party." *Coy*, 2007 U.S. Dist. LEXIS 82731, at *7 (citing *Ford v. Hill*, 874 F. Supp. 149, 153 (E.D. Ky. 1995)).

No such mistaken identity exists here. Pryor was never mistaken as to the identity of the hospital: Pryor lacked knowledge of Deaconess's allegedly negligent conduct. In the initial Complaint, Pryor only identified as defendants Dr. Anderson and his practice group, Orthopaedic Associates, Inc. (Compl. ¶ 4). During discovery, Dr. Anderson revealed facts that Pryor believes constitute negligence on the part of Deaconess and Zimmer. (Am. Compl. ¶¶ 29-32). Similarly, Pryor was never mistaken as to the identity of the knee component manufacturer but lacked knowledge of Zimmer's allegedly culpable conduct. (*See* Am. Compl. ¶¶ 29-32). This late discovery pertains only to Pryor's knowledge of what party is liable, not the identity of the liable

6

party. Thus, because the Amended Complaint does not relate back, Pryor's claims against Deaconess and Zimmer are barred by the statute of limitations, and their motions are granted on this basis.

### C. Joinder & Motion to Strike

In its motion, Zimmer also requests that the Court to reconsider its order permitting joinder and to strike the Amended Complaint because Deaconess destroys diversity jurisdiction. (Zimmer's Mem. 5-8). Because any claim asserted against Deaconess is time-barred, it is unnecessary to consider these additional requests for relief. *See CWI, Inc. v. Smartdog Servs., LLC*, No. 1:15-CV-00139-GNS, 2016 WL 2654085, at *3 (W.D. Ky. May 9, 2016) ("Striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy.' In addition, 'motions to strike are disfavored, because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" (alteration in original) (internal citation omitted) (citation omitted)).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 41, 43) are **GRANTED**, and Plaintiff's claims against Defendants Methodist Health, Inc. and Zimmer US, Inc. are **DISMISSED WITH PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

February 11, 2025

cc:   counsel of record