UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00125-GNS-HBB

JUDY A. PRYOR                                                                        PLAINTIFF

v.

DANIEL D. ANDERSON et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Certificate of Appealability (DN 61).  The motion is ripe for adjudication.

### I.    BACKGROUND

This action arises from the allegations by Plaintiff Judy A. Pryor ("Pryor") that Dr. Daniel Anderson ("Dr. Anderson") negligently performed knee surgery by installing an improperly sized component.  (Am. Compl. ¶¶ 2, 8-10, 15-17, DN 27; Mem. Op. & Order 1, 7, DN 60).  Pryor amended her initial Complaint later to join Defendants Zimmer US, Inc. ("Zimmer") and Methodist Health, Inc. d/b/a Deaconess Henderson ("Deaconess") (collectively "Defendants") because her surgery was performed at the Deaconess hospital facility, and Zimmer provided the component installed during the surgery.  (Am. Compl. ¶¶ 4-6, 15, 29).  The Court dismissed the claims against those Defendants with prejudice because the amendment to the Complaint failed to relate back as a "mistaken identity" of a party under Fed. R. Civ. P. 15(c), and the statute of limitations had run on Pryor's claims against those Defendants.  (Mem. Op. & Order 5-7 (citations omitted)).  Pryor now requests the Court to certify an interlocutory appeal of the dismissed case. (Pl.'s Mot. Certificate Appealability, DN 61).

## II.    JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

## III.    DISCUSSION

A district court may certify an order for interlocutory appeal that would not otherwise be appealable if the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "In some circumstances courts may allow an interlocutory appeal, but that generally requires an 'exceptional and extraordinary' showing." *Wright v. Louisville Metro Gov't*, No. 3:21-CV-308-BJB, 2022 WL 586777, at *1 (W.D. Ky. Feb. 25, 2022) (citations omitted). "[I]nterlocutory appeals are limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) (citation omitted). The Sixth Circuit instructs that "[o]n interlocutory appeal the appellate court has no authority to review disputed questions of fact. Therefore, [the] review of the district court's decision is limited to pure questions of law." *Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., Inc.*, 970 F.2d 199, 202 (6th Cir. 1992) (internal citations omitted) (citation omitted).

### A.    Controlling Question of Law

The first requirement for interlocutory appeal is the issue presented is a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citation omitted). Here, Pryor submits two questions for the Court to certify an interlocutory appeal: (1) "[w]hether the District Court misapplied the discovery rule in contravention of controlling Kentucky authority" and (2)

"[whether] the District Court also rendered the Kentucky Medical Malpractice [statute of limitations] unconstitutional as applied."  (Pl.'s Mem. Supp. Mot. Certificate Appealability 2-3, DN 61-1; Pl.'s Reply Mot. Certificate Appealability 4, DN 68).  The two questions are intertwined as they both concern the application of the discovery rule, and both present clear issues of law because determination of the discovery rule's applicability to Pryor's case would materially affect its outcome.  The controlling issue is whether Pryor met her burden under the law for alleging Deaconess or Zimmer fraudulently concealed or misrepresented their roles.  (*See* Mem. Op. & Order 3-5).

Pryor argues that the Court's interpretation of *Wiseman* was erroneous because the Kentucky Supreme Court does not require "fraudulent concealment or misrepresentation" to toll the statute of limitations with an unidentified tortfeasor.  She further contends this issue is a question of law for the appellate court to assess whether this Court was correct in imposing this requirement that Pryor allege Defendants acted with some level of fraudulent concealment or misrepresentation.  (Pl.'s Mem. Supp. Mot. Certificate Appealability 2).[1]  Deaconess responds that these "question of law" presented by Pryor are actually factual:  "whether Ms. Pryor could or should have discovered the identities of Deaconess and Zimmer prior to March 18, 2024, when Defendant Dr. Anderson filed his Answers to Plaintiff's Interrogatories."  (Def.'s Resp. Pl.'s Mot. Certificate Appealability 3, DN 64).  Although Deaconess correctly identifies this factual issue, it is not the question that Pryor submitted.  *See Elam v. Menzies*, 594 F.3d 463, 467 (6th Cir. 2010) ("Thus, both Kentucky law and federal procedural law used in diversity cases specify that disputed issues of fact respecting the running of a statute of limitations should be resolved by a jury.");

---

[1] Pryor cites case law from the Indiana Supreme Court applying Kentucky law.  (Pl.'s Mem. Supp. Mot. Certificate Appealability 2 (citations omitted)).

*Zapp v. CSX Transp., Inc.*, 300 S.W.3d 219, 223 (Ky. App. 2009) (holding that a jury decides disputed issues of fact such as when a statute of limitations was triggered). Rather, her question concerns whether this Court applied the correct standard, which is a question of law. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 238, 240 (2020) (Thomas, J., dissenting) (citation omitted) (holding a court delineates between a question of fact, a question of law, and a mixed question of law and fact and also "asks whether a question is primarily legal or primarily factual when it needs to determine the appropriate standard of appellate review.").

### B.     Substantial Ground for Difference of Opinion

Pryor has successfully presented a question constituting a controlling issue. Next, she must demonstrate that this controlling issue presents "substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b). A substantial ground for difference of opinion exists when:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks omitted) (citation omitted).

"[T]he discovery rule[, however,] does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. App. 1999) (citing *Resthaven Mem'l Cemetery, Inc. v. Volk*, 150 S.W.2d 908, 912 (Ky. 1941)). In dismissing Pryor's claims against Deaconess and Zimmer, the Court determined that the discovery rule exception did not apply to Pryor because she failed

to allege any level of concealment or misrepresentation on the part of Deaconess or Zimmer. (Mem. Op. & Order 5).

As Deaconess and Zimmer correctly state, numerous Kentucky cases have addressed when a party's allegations of fraudulent concealment or misrepresentation will toll the statute of limitations. (*See* Def.'s Resp. Pl.'s Mot. Certificate Appealability 4-5 (citations omitted); Def.'s Resp. Pl.'s Mot. Certificate Appealability 6, DN 65 (citations omitted)). These cases present allegations of some level of fraud or misrepresentation on the part of a defendant; here, Pryor has made no such allegations. *See Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 151 (Ky. 2007) (holding a corporation did not toll the statute of limitations under its misrepresentation theory); *Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 198-99 (Ky. App. 2006) (holding the statute of limitations did not toll when plaintiffs knew of the injury but did not find the identity of the tortfeasors until later); *Grayiel v. AIO Holdings, LLC*, 452 F. Supp. 3d 600, 625 (W.D. Ky. 2020) (holding there were material issues of a fact for a plaintiff's discovery of fraudulent transfers when he alleged facts of his notice of these transfers).

Pryor argues that there is no existing authority as to these issues, and the lack of a clear authority provides a basis for a difference in opinion. (Pl.'s Mem. Supp. Mot. Certificate Appealability 6-7). Pryor's claims of misrepresentation or fraud are comparatively threadbare, indicating that Pryor's factual allegations are insufficient. This factor weighs against granting the interlocutory appeal.

C.    <u>**Materially Advancing the Litigation's Termination**</u>

The third requirement is that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to

materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (alteration in original) (citation omitted). "Conversely, [a]n interlocutory appeal will materially advance the litigation if it will save substantial judicial resources and litigant expense." *Smart & Assocs., LLC v. Indep. Liquor (NZ) Ltd.*, No. 3:10-CV-614-DJH-DW, 2017 WL 4969354, at *6 (W.D. Ky. Sept. 26, 2017) (internal quotation marks omitted) (citation omitted). "Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012) (internal quotation marks omitted) (citation omitted).

The grant of an interlocutory appeal would materially advance the termination of this litigation. Pryor acknowledges that her intent to appeal the Court's decision regarding the statute of limitations issue "at some point[,]" and an interlocutory appeal would address this issue sooner rather than later. (Pl.'s Reply Mot. Certificate Appealability 5). The U.S. Supreme Court has held "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted) (citation omitted). Ultimately, an interlocutory appeal would promote judicial economy by settling these contested questions before—potentially needlessly—occupying the time and attention of the Court, a jury, and the parties.

An earlier resolution of these questions promotes efficiency. If the Sixth Circuit were to affirm the Court's holding, it would ultimately terminate the case, and if it did not, the case would ultimately go to trial, permitting judicial expediency because the case would be tried with all pertinent parties present. Pryor would have the mechanism under the appropriate Kentucky

apportionment statute to be better able to adjudicate her claims, identify all possible defendants, and collect damages, should her claims be viable. *See* KRS 411.182 (permitting total fault to be allocated to each defendant). The merits of promoting efficient judicial economy and earlier resolution of this case heavily weigh in favor of certifying Pryor's interlocutory appeal under this third factor. Because the aggregate of the factors weighs in favor of granting the motion, the Court grants Pryor's motion.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Certificate of Appealability (DN 61) is **GRANTED**. It is further **ORDERED** that this case is **STAYED** pending any appeal of the Order, and the resolution thereof.

Greg N. Stivers, Chief Judge

United States District Court

August 4, 2025

cc:    counsel of record